[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The motion to strike filed by the defendant insurance company is aimed at the First and Second Counts of the complaint. The same factual allegations support both claims. The First count is made under CUIPA, the second count is made under CUPTA.
The motion moved to strike the First count on the basis that there is no private cause of action under CUIPA in our state and the second count on the basis that since the CUPTA claim is based on CUIPA violation, § 38a-816 (6), there can be no CUPTA claim because only an isolated instance of unfair settlement practices is alleged.
Lees v. Middlesex Insurance Co., 229 Conn. 8, 42
(1994) was decided after the argument and the defendant submitted a supplemental brief in which it now appears the defendant expands its motion to strike the first count by alleging that apart from whether CUIPA provides a private cause of action, the CUIPA claim cannot stand because a general business practice was not alleged. In so far as the supplemental memorandum relies on Lees and is directed at both counts I really can't give any other reading to the defendant's post argument claim on the motion to strike.
I agree with the defendant that the second count CT Page 9778 should be stricken since its language rests on a CUPTA violation based on CUIPA at subsection (6) of § 38a-816. Admittedly the language of the complaint must be read in a light most favorable to the plaintiff Breen v. Phillips,188 Conn. 86 (1982) but that generalization doesn't help the plaintiff here. It can't be said these pleadings will allow it to introduce evidence of a general business practice. The language of the second count paragraph 11 reads "the defendant's conduct as aforesaid. . ." constitutes a CUIPA violation. The "aforesaid" language directly refers to paragraphs 1 through 10 of the First count which clearly do not allege a general business practice but the "isolated" incident which forms the basis of this suit.
I have much more difficulty as regards the First count. Rightly or wrongly I believe CUIPA does allow a private cause of action in our state, Episcopal Diocese etal v. Continental Casualty Co., CV 93-0529203 (6/7/94).Lees v. Middlesex Insurance Co., supra hasn't decided that issue. I would grant the motion to strike the First count if it claimed originally that the First count didn't even set forth a proper CUIPA cause of action even if such an action were to be permitted. However the motion didn't state that and I know of no power that I have to amend pleadings without consent of opposing counsel. Insofar then as the motion to strike the First count is based on the position that CUIPA doesn't provide for a private cause of action the motion is denied as to that count solely on that ground.
The motion to strike is granted as to the second count and denied as to the first count.
Corradino, J.